IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ALONSO and MARCELO JUAREZ FLORES on behalf of themselves and all others similarly situated,<br><br>         **Plaintiffs,**<br><br> -against-<br><br>NEW DAY TOP TRADING INC.<br><br>         **Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

  Plaintiffs Jose Alonso and Marcelo Juarez Flores ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

  1. This lawsuit seeks to recover minimum wages, overtime compensation, spread of hours pay, and other wages for Plaintiffs and all similarly situated co-workers fork lift drivers and driver's assistants who work or have worked at New Day Top Trading Inc. ("New Day Top") in New York City and New Jersey.

  2. Plaintiffs bring this action on behalf of themselves and similarly situated current and former New Day Top forklift drivers and driver's assistants who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former New Day Top forklift drivers and driver's assistants who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

4. The statute of limitations for FLSA and state wage and hour claims was tolled on behalf of Plaintiffs and similarly situated drivers' assistants and forklift drivers, or employees in the same job positions with different titles, by agreement of the parties from July 24, 2017 to May 29, 2018.

## THE PARTIES

**Plaintiffs**

**Jose Alonso**

5. Plaintiff Alonso is an adult individual who is a resident of Queens, New York.

6. Plaintiff Alonso was employed by Defendant as a forklift driver at New Day Top warehouses located in Brooklyn, New York from approximately January 2014 to July 2014, and at 72-45 51st Avenue and 72-02 51st Avenue in Woodside, New York from approximately July 2014 to November 2016.

7. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Alonso regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

8. During his employment, Plaintiff Alonso generally worked the following scheduled hours: six days each week, starting at 6:00 a.m. and ending between 4:00 p.m. and 5:00 p.m. each day.

9. Plaintiff Alonso generally worked approximately 65 hours per week without being paid any overtime compensation for the hours he worked in excess of 40 each workweek.

10. At all times relevant hereto, Plaintiff Alonso was a covered employee within the meaning of the FLSA and the NYLL.

11. A written consent form for Plaintiff Alonso is filed with this Complaint as Exhibit A.

**Marcelo Juarez Flores**

12. Plaintiff Flores is an adult individual who is a resident of Brooklyn, New York.

13. Plaintiff Flores was employed by Defendant as a driver's assistant at a New Day Top warehouses located at 72-02 51st Avenue in Woodside, New York from approximately June 2014 to July 2015.

14. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Flores regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

15. During his employment, Plaintiff Flores generally worked the following scheduled hours: six days each week, starting at 7:00 a.m. and ending between 8:00 p.m. and 11:00 p.m. each day.

16. Plaintiff Flores generally worked approximately 75 to 85 hours per week without being paid any overtime compensation for the hours he worked in excess of 40 each workweek.

17. At all times relevant hereto, Plaintiff Flores was a covered employee within the meaning of the FLSA and the NYLL.

18. A written consent form for Plaintiff Flores is filed with this Complaint as Exhibit B.

**Defendant**

19.     Defendant New Day Top is a New York Corporation that, upon information and belief, operates three warehouses in New York and one warehouse in New Jersey.

20.     The principal place of business is located at 23 Allen Street, New York, New York 10002.

21.     Upon information and belief, Defendant employed Plaintiffs and similarly situated employees at all times relevant. Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

22.     During all relevant times, Defendant has been Plaintiffs' employer within the meaning of the FLSA and NYLL.

23.     Upon information and belief, Defendant has had control over, and the power to change compensation practices at New Day Top at all times relevant.

24.     Upon information and belief, Defendant has had the power to determine employee policies at New Day Top, including, but not limited to, time-keeping and payroll policies.

25.     Upon information and belief, at all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

27.     Plaintiffs' state law claims are so closely related to their claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

28.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

29. Upon information and belief, Defendant resides in New York.

30. Upon information and belief, Defendant is subject to personal jurisdiction in New York.

31. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) because it is where Defendant resides.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all other similarly situated forklift drivers and driver's assistants who work or have worked at New Day Top between July 25, 2014 and the date of final judgment, and who opt in to this action (the "FLSA Collective").

34. All of the work that Plaintiffs and the FLSA Collective performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective performed.

35. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a. Willfully failing to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked;

    b. Willfully failing to pay Plaintiffs and the FLSA Collective overtime for

hours that they worked in excess of 40 hours per workweek; and

      c.      Willfully failing to record all of the time that Plaintiffs and the FLSA Collective have worked for the benefit of Defendant.

36.      Defendant is aware or should have been aware that federal and state law required it to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

37.      Defendant's conduct has been widespread, repeated, and consistent.

38.      Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

39.      Plaintiffs bring the Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All forklift drivers and driver's assistants who work or have worked at New Day Top in New York between July 25, 2011 and the date of final judgment (the "New York Class").

40.      Excluded from the New York Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

41. The members of the New York Class are so numerous that joinder of all members is impracticable.

42. Upon information and belief, the size of the New York Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

43. Defendant has acted or has refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

44. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendant violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, as alleged herein;

(b) whether Defendant failed to pay Plaintiffs and the New York Class minimum wages for all of the hours they worked;

(c) whether Defendant correctly compensated Plaintiffs and the New York Class for hours worked in excess of 40 per workweek;

(d) whether Defendant failed to provide Plaintiffs and the New York Class spread of hours pay as required by the NYLL;

(e) whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the New York Class, and other records required by the NYLL;

(f) whether Defendant failed to comply with the posting and notice requirements of the NYLL;

(g) whether Defendant failed to furnish Plaintiffs and the New York Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(h) whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

45. Plaintiffs' claims are typical of the claims of the New York Class they seek to represent. Plaintiffs and all the New York Class members work, or have worked, for Defendant as forklift drivers or driver's assistants at New Day Top in New York. Plaintiffs and the New York Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked and to be paid overtime wages. Plaintiffs and New York Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiffs and the New York Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

46. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the New York Class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual New York Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiffs lack the financial

resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

48. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

49. Plaintiffs and the members of the New York Class and the FLSA Collective (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendant that violates their FLSA and NYLL rights by denying them wages they are owed.

50. Defendant did not pay Plaintiffs the proper minimum wage, overtime wage, and spread of hours pay for all of the time that they were suffered or permitted to work each workweek.

51. Plaintiff Alonso's primary duties as a forklift driver included driving a forklift; cleaning Defendant's warehouse; completing inventory; receiving merchandise; stocking shelves, cabinets, and refrigeration units with food items; and loading and unloading delivery trucks, among other physical tasks.

52. Plaintiff Flores's primary duties as a driver's assistant included stocking refrigeration units with food items; cleaning the delivery trucks; loading and unloading delivery trucks; delivering merchandise, among other physical tasks.

53. Plaintiffs were not exempt employees within the meaning of the FLSA or NYLL.

54. During their employment, Plaintiffs generally worked in excess of 40 hours per week without being paid any overtime compensation.

55. Plaintiffs worked more than 10 hours in a day approximately 5 to 6 days per week and was not paid spread-of-hours pay for these days.

56. Defendant did not provide Plaintiffs with wage statements that properly recorded all the hours that they worked.

57. Defendant did not inform Plaintiffs of the minimum wage provisions of the FLSA or the NYLL.

58. Upon information and belief, Defendant did not keep accurate records of wages earned or of hours worked by Plaintiffs.

59. Defendant failed to furnish Plaintiffs with accurate statements of wages, hours worked, rates paid, gross wages, or an accurate annual notice.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

60. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

61. Defendant failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

62. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

63. At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

64. At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

65. At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

66. Defendant was required to pay directly to Plaintiffs and the members of the FLSA Collective the applicable minimum wage rate for all hours worked.  Because Plaintiffs and the members of the FLSA Collective received a lump sum payment each week regardless of the number of hours they worked, the lump sum payment often resulted in a wage less than the minimum wage for all hours worked.

67. Defendant failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

68. As a result of Defendant's violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

69. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

70. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the FLSA Collective.

73. Defendant has failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours in a work week.

74. As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

75. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

76. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

77. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendant failed to pay Plaintiffs and the members of the New York Class the minimum wages to which they are entitled under the NYLL.

79. Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

80. At all times relevant, Plaintiffs and the members of the New York Class have been employees and Defendant has been their employer within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

81. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect the New York Plaintiffs and the members of the New York Class.

82. Defendant was required to pay Plaintiffs and the members of the New York Class the full minimum wage at a rate of: (a) $7.25 per hour for all hours worked from July 25, 2011 through December 30, 2013; and (b) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 to December 30, 2015; (d) $9.00 per hour for all hours worked from December 31, 2015 to December 30, 2016; (e) $11.00 per hour for all hours worked from December 31, 2016 to December 30, 2017; and (f) $13.00 per hour for all hours worked from December 31, 2017 through the present under the NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

83. Defendant failed to pay Plaintiffs and the members of the New York Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations. Because Plaintiffs and the members of the New York Class received a lump sum payment each week regardless of the number of hours they worked,

13

the lump sum payment often resulted in a wage less than the minimum wage for all hours worked in a workweek.

84. By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the New York Class minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

85. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the New York Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

86. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

87. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protects Plaintiffs and the members of the New York Class.

88. Defendant has failed to pay Plaintiffs and the members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

89. By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the New York Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

90. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated

damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

91. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendant has willfully failed to pay Plaintiffs and the members of the New York Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

93. By Defendant's failure to pay Plaintiffs and the members of the New York Class spread-of-hours pay, Defendant has willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

94. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the New York Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
**(Brought on behalf of Plaintiffs and members of the New York Class)**

95. Plaintiffs, on behalf of themselves and the members of the New York Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendant has willfully failed to supply Plaintiffs and the members of the New York Class with wage notices, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing the Plaintiffs and the members of the New York Class's rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

97. Through their knowing or intentional failure to provide Plaintiffs and the members of the New York Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

98. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the New York Class are entitled to statutory penalties of $50 per employee up to a maximum of $2,500, for each employee hired prior to December 29, 2014, and, after December 29, 2014, $50 for each workday that Defendant failed to provide employees with wage notices, or up to a total of $2,500, and reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### SEVENTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

99. Plaintiffs, on behalf of themselves and the members of the New York Class, allege and incorporate by reference all allegations in all preceding paragraphs.

100. Defendant has willfully failed to supply Plaintiffs and the members of the New York Class with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of

employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

101. Through their knowing or intentional failure to provide Plaintiffs and the members of the New York Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

102. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the New York Class are entitled to statutory penalties of $100 per workweek for each employee, up to a maximum of $2,500, for each violation prior to December 29, 2014, and $250 for each day that Defendant failed to provide employees with accurate wage statements, or a total of up to $5,000, after December 29, 2014, in addition to reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked and overtime for all hours worked over 40 in a workweek;

B. Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid minimum wages, overtime pay, spread of hours pay, and liquidated damages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

D. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiffs Jose Alonso and Marcelo Juarez Flores as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and NYLL;

G. An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

H. Statutory notice and wage statement payments pursuant to the NYLL;

I. Appropriate statutory penalties;

J. Pre-judgment interest and post-judgment interest;

K. Attorneys' fees and costs of the action;

L. A reasonable incentive award for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for Class Members and for the risks they took in doing so; and

M. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       May 30, 2018

Respectfully submitted,

*/s/ Molly Brooks*
Molly Brooks

**OUTTEN & GOLDEN LLP**
Molly Brooks
Cheryl-Lyn Bentley
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

*Attorneys for Plaintiffs and*
*the Putative Class and Collective*

19