USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ALONSO and MARCELO JUAREZ FLORES on behalf of themselves and all other similarly situated,

                            Plaintiffs,

-against-

NEW DAY TOP TRADING, INC.,

                            Defendant.

18cv4745 (PAE) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned action, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, §§ 190, *et. seq.*, and 650, *et seq.*, has been referred to this Court for a damages inquest. (*See* Dkt. 47.) Currently before this Court are Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Dkts. 52-53), seeking unpaid wages, liquidated damages, statutory interest, prejudgment interest, and attorneys' fees and costs on behalf of named plaintiffs Jose Alonso and Marcelo Juarez Flores, as well as five opt-in plaintiffs (all, collectively, "Plaintiffs"). On February 11, 2020, while in the process of considering Plaintiffs' submissions, this Court received a letter from Plaintiffs asserting that they "hope to establish damages owed to them soon" and "are available to provide any additional information the Court requires." (Dkt. 58.) As there are, in fact, certain issues – discussed below – as to which additional information would be helpful, Plaintiffs are directed to serve and file a supplemental submission in response to this Order.

As a preliminary matter, this Court notes that defendant New Day Top Trading, Inc. ("Defendant") has not moved, answered, or otherwise responded to Plaintiffs' Complaint, nor has Defendant made any submission to dispute Plaintiffs' proposed damages calculations. (*See*

*generally* Dkt.) Nonetheless, in conducting a damages inquest, this Court has an obligation to ensure that the damages sought are supported by the record and, upon its review of Plaintiffs' submissions, this Court has had difficulty understanding the bases for certain of Plaintiffs' damages calculations.

First, without a better understanding as to how Plaintiffs have calculated their unpaid overtime wages, this Court has been unable to replicate those calculations and derive the figures contained in Plaintiffs' submitted damages chart. In particular, although it appears that Plaintiffs have based their requested damages on an assumption that they each worked only 50 (rather than 52) weeks per year for the duration of their employment, Plaintiffs have not explained how they took this into account in estimating the number of weeks that they worked over the course of any *partial* year that they were employed. While it seems that they used a formula to allocate a percentage of those two weeks per year (when they did not work) over the number of weeks within each partial year that they were employed, the various allocation formulas that this Court has tried to use in this regard have, at best, resulted in approximations of the total workweek figures that Plaintiffs have supplied. Moreover, even if this Court were to accept Plaintiffs' figures as reasonably approximating the total number of weeks that each plaintiff worked for Defendant, the total amount of overtime pay that Plaintiffs seek does not quite comport with those figures. For instance, with respect to plaintiff Alonso, Plaintiffs' proffered damages chart purports to seek unpaid overtime wages at a rate of $22.50/hour, for 23 hours of overtime per week, over the course of 144.92 workweeks. Multiplying these figures would result in a total of $74,996.10, not the $74,994.85 that is shown in Plaintiffs' chart. Similar discrepancies result when the proposed rate and hour figures are multiplied for each of the other plaintiffs.

Second, the lack of transparency in Plaintiffs' calculations raises an obstacle to this Court's ability to verify the appropriateness of the amounts they are seeking for allegedly unpaid spread-of-hours compensation. As the Court has been unable to determine how many workweeks Plaintiffs are attributing to any partial years of employment, the Court necessarily cannot determine how may *workdays* Plaintiffs believe should be attributed to those same periods. Thus, this Court cannot determine how often, during each partial year, Plaintiffs claim to have worked over 10 hours per day, entitling them to spread-of-hours pay. Having a yearly breakdown of the number of 10-hour days that Plaintiffs worked is important because, in any given year, Plaintiffs would have been entitled to spread-of-hours pay, for those days, based on the applicable New York State minimum-wage rate *for that year*. As, throughout Plaintiffs' employment, the minimum-wage rate changed from year to year, any spread-of-hours pay calculation cannot be based simply on a total number of days worked over the course of a plaintiff's employment. Plaintiffs, however, have provided no breakdown of the spread-of-hours pay that they are seeking per year, and no detailed explanation as to how they have calculated that pay, for each individual plaintiff.

Finally, this Court notes that Plaintiffs seek attorneys' fees and costs in connection with this action. With respect to the claimed fees, Plaintiffs' submissions are unclear as to whether the time records they have submitted represent *all* of their time expended on this matter, as seems to be suggested by counsel's submitted Declaration and annexed records (*see* Declaration of Molly Brooks, Esq., in Support of Proposed Findings of Fact and Conclusions of Law, dated Mar. 29, 2019 (Dkt. 53) ¶ 48 (stating that, "as of March 27, 2019, Plaintiffs' counsel has expended approximately 679.40 hours of attorney, paralegal, and staff member time"); *id.*, Ex. H (time records reflecting a total of 679.40 hours)), or, instead, represent only a portion of that

time, after a voluntary reduction (*see id.* ¶ 54 (stating that, in calculating requested attorneys' fees, counsel have voluntarily reduced their hours by 11%)). This Court assumes the latter, but this is not self-evident from the presented records, which do not show any of the purportedly excluded time. In addition, with respect to the claimed costs, this Court cannot verify the amounts that Plaintiffs claim to have expended in connection with this litigation, as Plaintiffs have provided no documentary evidence to support the stated amounts.

In light of the lack of clarity of Plaintiffs' inquest submissions, it is hereby ORDERED that, no later than February 28, 2020, Plaintiffs shall supplement their Proposed Findings of Fact and Conclusions of Law to address the issues identified above. Plaintiffs are further directed to revise their proposed damages calculations, if appropriate.

Together with their supplemental submission, Plaintiffs are directed to serve Defendant with a copy of this Order, no later than February 28, 2020, and to file proof of such service. Should Defendant wish to respond to Plaintiffs' supplemental submission, it may do so no later than March 13, 2020.

The Clerk of Court is directed to close the motion filed at Dkt. 58 on the Docket of this action.

Dated: New York, New York
       February 14, 2020

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Plaintiffs' counsel (via ECF)

New Day Top Trading Inc.
23 Allen Street
New York, NY 10002