UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ALONSO and MARCELO JUAREZ FLORES *on behalf of themselves and all other similarly situated,*

Plaintiffs,

-v-

NEW DAY TOP TRADING, INC.,

Defendant.

---

18 Civ. 4745 (PAE) (DCF)

ORDER OF
DEFAULT JUDGMENT

---

PAUL A. ENGELMAYER, District Judge:

On October 14, 2021, the Court ordered plaintiffs to serve New Day Top with a notice attaching the five opt-in plaintiffs' consent forms and explaining that the five are seeking damages sought therein for wage and hours violations of the FLSA. Dkt. 81. The Court further instructed that plaintiffs' notice should instruct New Day Top that it would move for default judgment within two weeks of service, which, if granted, would be followed by an award of damages to each plaintiff. *Id.*

On October 20, 2021, plaintiffs filed a certificate of service from Hector Jacome, who attested that he had served New Day Top at its last known address using First Class Mail/Return Receipt Requested and Federal Express for next business day delivery. Dkt. 83. New Day Top has not appeared.

On November 12, 2021, the Clerk's office issued a certificate of default as to New Day Top. Dkt. 87.

The Court has reviewed plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), and plaintiffs' supporting affidavit. Dkt. 86. Because proof of service

1

has been filed, New Day Top has not appeared, and the time for appearing has expired, the Court enters a default judgment for plaintiff against defendant New Day Top.

Based on Judge Freeman's well-reasoned and thorough June 29, 2020 Report & Recommendation, Dkt. 67, the Court is also prepared to award damages to each of the opt-in plaintiffs and corresponding attorneys' fees. The Court awards the following to each of the opt-in plaintiffs, without prejudgment interest:

(1) As to Perez, $172,224.72, representing $86,112.36 in unpaid overtime compensation and another $86,112.36 in liquidated damages;

(2) As to Maldonado, $87,000.00, representing $43,500.00 in unpaid overtime compensation and another $43,500.00 in liquidated damages;

(3) As to Soriano, $93,453.30, representing $46,726.65 in unpaid overtime compensation and another $46,726.65 in liquidated damages;

(4) As to Tapia, $229,153.84, representing $114,576.92 in unpaid overtime compensation and another $114,576.92 in liquidated damages; and

(5) As to Velos, $83,250.00, representing $41,625.00 in unpaid overtime compensation and another $41,625.00 in liquidated damages.

The Court also awards additional attorneys' fees of $26,192.25 and costs of $742.59, to account for the opt-in plaintiffs' costs and fees.

The Clerk of the Court is respectfully directed to terminate the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 17, 2021
       New York, New York

3